UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frenchis Gerald Abraham, # 296575, | C/A No. 6:11-2067-RMG-KFM |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| ~~William R. Byars, Jr., Director~~;<br>Anthony Padula, *Warden of Lee Correctional Institution*, | |
| Respondent. | |

## *Background of this Case*

Petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. On September 23, 2003, in the Court of General Sessions for Florence County, Petitioner was convicted, pursuant to guilty pleas, of voluntary manslaughter and assault and battery with intent to kill (Indictment No. 2003-GS-21-0001) and was sentenced to concurrent terms of thirty (30) years and twenty (20) years in prison. No direct appeal was filed.

Petitioner filed his first application for post-conviction relief (Case No. 2004-CP-21-1655) on September 9, 2004. The Court of Common Pleas denied and dismissed the application on August 21, 2006. Petitioner appealed denial of post-conviction relief. The Supreme Court of South Carolina denied certiorari in the first post-conviction case on January 10, 2008.

Petitioner filed his second application for post-conviction relief (Case No. 2009-CP-21-3021) on December 8, 2009.  The Court of Common Pleas dismissed the application on May 7, 2010.  Petitioner appealed the denial of post-conviction relief.  The Supreme Court of South Carolina denied certiorari in the second post-conviction case on October 28, 2010.

On February 7, 2011, Petitioner filed a petition for writ of habeas corpus in the original jurisdiction of the Supreme Court of South Carolina (Tracking No. 2011185329).  The Supreme Court of South Carolina denied the petition on March 2, 2011.

Petitioner raises one ground in the Section 2254 Petition in the case at bar.  In his one ground, Petitioner contends that he was not competent to plead guilty and was entitled to plead not guilty by reason of insanity or to plead guilty but mentally ill.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  See *Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972).  Even under this less stringent standard, the Section 2254 Petition is subject to summary dismissal because it is a successive petition.

With respect to his convictions, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner appears to have exhausted his state court remedies in state court proceedings subsequent to his prior habeas corpus action, he has, in the case at bar, submitted a successive habeas corpus petition.

In *Frenchis Gerald Abraham v. A. J. Padula*, Civil Action No. 6:08-2286-PMD-WMC, Petitioner on June 20, 2008, filed a habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his convictions for voluntary manslaughter and assault and battery with intent to kill (ABIK) entered in the Court of General Sessions for Florence County on September 23, 2003. On July 7, 2008, the Honorable William M. Catoe, United States Magistrate Judge, granted Petitioner's Motion for Leave to Proceed *in forma pauperis* and directed Respondent to file an answer or return. Petitioner on July 18, 2008, filed a motion to amend, which was granted by Magistrate Judge Catoe on July 22, 2008. After receiving three extensions of time, Respondent filed a return, memorandum, and motion for summary judgment on December 1, 2008. Respondent filed on December 2, 2008, an amended motion for summary judgment.

Magistrate Judge Catoe on December 3, 2008, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner, after receiving an extension of time, responded to the

3

*Roseboro* order on January 8, 2009. Petitioner also filed an amended response on February 22, 2009. In a Report and Recommendation filed in Civil Action 6:08-2286-PMD-WMC on February 27, 2009, Magistrate Judge Catoe recommended that Respondent's motion for summary judgment be granted.

The parties in Civil Action No. 6:08-2286-PMD-WMC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed objections on March 20, 2009.

In an order filed in Civil Action No. 6:08-2286-PMD-WMC on September 18, 2009, the Honorable Patrick Michael Duffy, United States District Judge, adopted the Report and Recommendation and granted summary judgment to Respondent. *Abraham v. Padula*, Civil Action No. 6:08-2286-PMD-WMC, 2009 WL 3063015 (D.S.C. Sept. 18, 2009). Petitioner filed a Notice of Appeal October 15, 2009.

Petitioner's appeal (Fourth Circuit Docket No. 09-7912) was not successful. On January 22, 2010, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Abraham v. Padula*, No. 09-7912, 361 Fed.Appx. 513, 2010 WL 236749 (4th Cir. Jan. 22, 2010).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:08-2286-PMD-WMC was decided by

4

summary judgment, the Petition in the above-captioned case (Civil Action No. 6:11-2067-RMG-KFM) is successive.

This court may take judicial notice of Civil Action No. 6:08-2286-PMD-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District

of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.


July 2, 2012                                                                       s/ Kevin F. McDonald
Greenville, South Carolina                                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).