IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frenchis Gerald Abraham, #296575 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Anthony Padula, Warden of Lee ) <br> Correctional Institution ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No.: 6:11-2067-RMG <br><br> **ORDER** |

Frenchis Gerald Abraham ("Petitioner") filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. This is Petitioner's second request for federal habeas relief pursuant to § 2254. Petitioner's first request was filed on June 20, 2008, and summary judgment was granted for the Respondent in that action on September 18, 2009. The instant request was filed on August 8, 2011, alleging that Petitioner was not competent to plead guilty at his trial. (Dkt. No. 1). On July 2, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's habeas petition be dismissed as procedurally barred. Petitioner did not file objections to the Report and Recommendation. (Dkt. No. 16). After a careful review of the record and the applicable law, the Court adopts the Magistrate's Report and Recommendation and dismisses Petitioner's petition without prejudice and without requiring a response or answer from the Respondent.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

After reviewing the record of this matter and the applicable law, the Court adopts the conclusion of the Magistrate Judge. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. 28 U.S.C. § 2244(b). It states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Petitioner filed his initial federal habeas claim on June 20, 2008, and summary judgment was granted against Petitioner on September 18, 2009. Thus, Petitioner's instant application for relief constitutes a successive petition. This Court lacks jurisdiction to hear the second claim for federal habeas relief until authorized by the United States Court of Appeals for the Fourth Circuit. Therefore, Petitioner's application is barred.

## Conclusion

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court adopts the Magistrate's Report and Recommendation and **DISMISSES** Petitioner's petition for a writ of habeas corpus without prejudice and without requiring a response by the Respondent.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 24, 2012
Charleston, South Carolina